■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVIN MAYE, JR., Appellant. [895 NYS2d 912]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered March 31, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). Supreme Court properly denied the motion of defendant to withdraw the plea, which was based upon his alleged lack of knowledge at the time of the plea that the victim was unable to identify him. "[D]efendant [was] not entitled to withdraw his . . . plea merely because he discover[ed] that he misapprehended the quality of the [People's] case" (*People v Murdock*, 27 AD3d 1170, 1171 [2006] [internal quotation marks omitted]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS W. CARR, Appellant. [896 NYS2d 276]—Appeal from a judgment of the Oneida.County Court (Barry M. Donalty, J.), rendered December 6, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree and assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.